**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DENNIS RUSSELL SHELBY,  )<br>                    Petitioner, )<br>v.                  )<br>                   )<br>MARTY SIRMONS, Warden,    )<br>                    Respondent. ) | Case No. CIV-05-479-M |

**REPORT AND RECOMMENDATION**

In this habeas corpus action filed pursuant to 28 U.S.C. § 2254, Petitioner, Dennis Russell Shelby, challenges his state court conviction and sentence in Case No. CF-2001-103, District Court of Jackson County, State of Oklahoma. Respondent has not addressed the merits of the Petition. Rather, Respondent has moved for dismissal [Doc. #9], contending the Petition is time barred pursuant to 28 U.S.C. § 2244(d). Petitioner has replied. *See* Brief in Support of Petitioner's Response to Motion to Dismiss [Doc. #12] (Reply). The matter is now at issue. For the reasons set forth below, it is recommended that Respondent's motion be granted and the Petition dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

**Analysis**

With the enactment of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which took effect on April 24, 1996, Congress "established a one-year period of limitations for habeas petitions." *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998) (*citing* 28 U.S.C. § 2244(d)(1)). The one-year limitations period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of

the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *accord Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000); *Hoggro* 150 F.3d at 1225.[1] The one-year limitations period is tolled, however, for "[t]he time during which a properly filed application for State post-conviction relief . . . is pending," *see* 28 U.S.C. § 2244(d)(2), and may in rare and exceptional circumstances "be subject to equitable tolling." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

On December 3, 2001, Petitioner was convicted in Oklahoma state court of Possession of Juvenile Pornography and Using Computer System or Network to Violate an Oklahoma Statute, for which he is serving concurrent 20-year and 5-year sentences. The Oklahoma Court of Criminal Appeals affirmed his conviction on October 8, 2002, and the conviction became final ninety days later on January 6, 2003, when the time for applying for certiorari review lapsed. Thus, absent tolling, Petitioner had until January 6, 2004, to timely file a federal habeas petition. *See* 28 U.S.C. § 2244(d); *see also United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003) (holding that one-year limitation period under § 2244(d)(1) expires on anniversary date of the triggering event). Absent the application of statutory or equitable tolling, the Petition, filed on April 27, 2005, was filed outside the one-year limitation period.

**Statutory Tolling**

The AEDPA includes a tolling provision, 28 U.S.C. § 2244(d)(2), which provides that the one-year limitation period is tolled during the time that a properly filed application for

---

[1]Plaintiff does not allege any facts which would support a finding that the running of the limitation period was triggered by one of the alternate sections of 28 U.S.C. § 2244(d)(1).

state post-conviction relief is pending. *Habteselassie v. Novak,* 209 F.3d 1208, 1210-11 (10th Cir. 2000). *See also Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (the time tolled includes all periods during which a prisoner is attempting to exhaust state post-conviction remedies). The tolling period does not include, however, any time during which an untimely state post-conviction application or appeal is pending because such a petition is not "properly filed." *See Pace v. DiGuglielmo*, ___ U.S. ___, 125 S. Ct. 1807 (2005) (affirming Third Circuit's determination that an untimely filed state post-conviction action is not "properly filed" and therefore does not trigger statutory tolling).

In this case, Petitioner filed a series of applications for post-conviction relief and properly appealed some of them.[2] Respondent outlines the procedural history in his brief and concludes that Petitioner had until December 19, 2004, to file a timely federal habeas petition. *See* Brief in Support of Motion to Dismiss for Failure to File Within the Limitations Period [Doc. #10] at 1-2, 4.

In his Reply, Petitioner "does not contest the dates and time frames" as set forth by Respondent. Reply at 1. But Petitioner does contest Respondent's ultimate conclusion that the instant habeas petition was untimely filed. Citing Rule 13 of the Rules of the Supreme Court of the United states, Petitioner contends that each time the Oklahoma Court of Criminal Appeals (OCCA) affirmed denial of an application for post conviction relief, the

---

[2]Respondent correctly states that the limitation period was not tolled during the time Petitioner's untimely appeal of one post-conviction action was pending. *See Pace v. DiGuglielmo*, *supra*. Petitioner does not dispute this issue.

one-year limitation period was tolled an additional ninety days representing the time during which Petitioner could have filed an application for certiorari in the United States Supreme Court. This contention is without merit. The limitations period is tolled during the time "a properly filed application for *State* post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2) (emphasis added). The Tenth Circuit Court of Appeals has determined that a petition for writ of certiorari in the United States Supreme Court is not an application for *State* post-conviction or other collateral review and therefore does not toll the limitation period. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) ("The time after the Oklahoma Court of Criminal Appeals finally denied [the petitioner's] post-conviction application until the United States Supreme Court denied his petition for certiorari was not 'time during which a properly filed application for State post-conviction . . . review . . . [was] pending,' and, therefore, it should be counted toward the one-year limitation period."). The application of statutory tolling does not render this Petition timely filed.

**Equitable Tolling**

The Tenth Circuit limits equitable tolling of the one-year limitations period to "'rare and exceptional' circumstances." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (*citing Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). "Equitable tolling is appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when

4

a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Burger*, 317 F.3d at 1141, *citing Gibson*.

In responding to the motion to dismiss, Petitioner has failed to demonstrate any extraordinary circumstances beyond his control that prevented him from timely filing his Petition. In fact, he does not attempt to show any circumstances that would warrant equitable tolling of the limitation period. Under these circumstances, equitable tolling is not appropriate.

## **RECOMMENDATION**

It is recommended that Respondent's Motion to Dismiss [Doc. #9] be granted and the Petition be dismissed as untimely.

## **NOTICE OF RIGHT TO OBJECT**

Petitioner is advised of his right to file an objection to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by August  18th , 2005. *See* Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral [Doc. #4].

ENTERED this __29th__ day of July, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE